IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA MILLER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:24-00453-KD-N |
| ) | |
| O'REILLY AUTO PARTS ) | |
| #1084, ) | |
| Defendant, ) | |

## ORDER

Plaintiff, Rhonda Miller, initiated this civil action without counsel (pro se) by filing a complaint with the Court on December 5, 2024. See (Doc. 1).[1] By separate order, Miller has been granted leave to proceed without prepayment of the filing and administrative fees for this action under 28 U.S.C. § 1915. The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (12/05/2024 electronic reference notation). Upon due consideration, the undersigned finds that Miller must file an amended complaint to correct the defects described below.

---

[1] Miller also submitted her EEOC "Right to Sue" letter dated 2024.10.03 (Doc. 2.).

I.   Analysis

A. Section 1915(e)

Because Plaintiff was granted leave to proceed without the prepayment of filing fees, her complaint is subject to § 1915(e)(2), which states that "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action …—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the "language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," the same standards are applied for both. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

In general, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   As the United States Supreme Court has explained, this "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. … Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at

677-78 (citations and some quotations omitted); *see also Duty Free Americas, Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d at 1262 (11th Cir. 2015) (Courts "afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam)).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332 (2020).

Moreover, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative

explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In addition, under § 1915, courts have "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

While courts construe *pro se* filings liberally and hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers, this leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). The Federal Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1237, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). As the United States Supreme Court has explained, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations omitted); *see also Duty Free*, 797 F.3d at 1262 (Courts "'afford no presumption of truth to legal

conclusions and recitations of the basic elements of a cause of action.'" (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam)).

The allegations indicate that Miller worked for O'Reilly Auto Parts from May to August of 2024. During that time, the following is alleged to have occurred:

- Miller worked as a shift manager, and employees were disrespectful because of her race and age, including extreme outlashing and unethical comments. Two specific individuals were disrespectful, and one cursed her out.

- She filed a written complaint and received no response from her employer.

- The management team held a loss prevention meeting with Miller, questioning the use of her store discount, which she claims was retaliation.

(Doc. 1, PageID.1-3).

Miller, utilizing the local EEOC complaint form, also indicated:

- She left the job voluntarily.

- Miller checked "Mental Disability" for an action pursuant to the Americans with Disabilities Act ("ADA").

(Doc. 1, PageID.2)

**B. Correcting the Pleading**

As an initial point, there is no civil cover sheet attached, which is required for all civil actions pursuant to S.D. Ala. CivLR 3(a).[2]

---

[2] This form will be provided alongside this order, which Miller should complete and file with her amended complaint.

The general rule in this circuit for *pro se* plaintiffs is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank's* one-chance-to-amend rule as to counseled parties). "A claim should not be dismissed … unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1111-12.

Accordingly, Plaintiff will be given an opportunity to amend her complaint to provide enough well-pleaded factual matter plausibly stating claims for relief, in accordance with the standards set out above. Miller's complaint most supports a claim for retaliation under Title VII. However, it fails to sufficiently indicate any adverse action taken by the employer. Therefore, in addition to the above requirements, Miller must amend her complaint to further:

- State with sufficient clarity the employment action that occurred.
- Provide well-pleaded facts of a causal connection between the protected activity and the employment action.

"To establish a prima facia case of unlawful retaliation, a plaintiff must show that: (1) he engaged in an activity statutorily protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the

protected activity and the adverse action." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). This requires showing an adverse change in terms, conditions, or privileges of employment. *See West v. Butler Cnty. Bd. of Educ.*, 2024 WL 2697987, at *2 (11th Cir. 2024)

To the extent she wishes to bring a Title VII claim, a *prima facie* case shows that she is a member of a protected class, was subjected to an adverse action, and that her employer treated similarly situated employees outside her protected class more favorably. *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006). She need not establish a "significant" or "serious" adverse action. *Muldrow v. City of St. Louis*, 601 U.S. 346, 350, 353 (2024). But there must be some change in an identifiable employment term or condition that left her worse off. *Murray v. Learjet, Inc.*, 2024 WL 4707968, at *2 (11th Cir. 2024) (citing *Muldrow*, 601 U.S. at 354-55, 359).

Additionally, Miller's use of the local form likely resulted in inadvertent error. The checked box for "Mental Disability" pertains to the Americans with Disabilities Act ("ADA"), not Title VII (on the Court's form, the paragraphs correspond to the boxes below, not above). No allegations are made that would support an ADA claim.

To the extent Miller wishes to bring any allegations of age discrimination, those claims fall under the Age Discrimination in Employment Act ("ADEA"). Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 929 (11th Cir. 2010) (citing *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir.2000)). A *prima facie* case under the ADEA demonstrates that she "was (1) a member of the protected age group, (2) subjected to an adverse employment action, (3) qualified to do the job, and (4) replaced by or otherwise lost a position to a younger individual." *Id.* at 929 (citing *Chapman*, 229 F.3d at 1024).

In accordance with the foregoing analysis, Plaintiff is **ORDERED** to file, no later than May 14th, 2025, an amended complaint that addresses and cures the defects discussed above. The failure to do so will result in entry by the undersigned of a recommendation that the Court dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and/or under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority for failure to obey an order, *see Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). The amended complaint, if filed, must reproduce the entire complaint "as amended and may not incorporate any prior pleading by reference[,]" S.D. Ala. CivLR 15(a), and it will become the operative complaint in this action.

For her convenience, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of (1) the Court's EEOC Complaint Form , (2) a civil cover sheet (AO Form JS 44), and (3) a copy of this order. However, Plaintiff is advised that neither the Federal Rules of Civil Procedure nor the Court's Local Rules require use of this form for civil complaints.

## NOTICE TO *PRO SE* PLAINTIFF

The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil ... Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer..." (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the Plaintiff registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019);[3] Fed. R. Civ. P. 5(d)(3), the Plaintiff must

---

3 (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf)

handwrite her signature in order to satisfy Rule 11(a).[4] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and ... must promptly notify the Clerk of any change of address ... Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action..." S.D. Ala. GenLR 83.5(b).

---

4 See *Becker v. Montgomery*, 532 U.S. 757, 763–64 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction...[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[5]

**DONE** and **ORDERED** this the 15th Day of April 2025.

*/s/ Katherine P. Nelson*

**KATHERINE P. NELSON**

**UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders